UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUAN COX,

       Plaintiff,

                                        CASE NO. 2:24-cv-11506
v.                                     HON. BRANDY R. MCMILLION

DONALD ROSS,

       Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a *pro se* civil rights case filed under 42 U.S.C. § 1983. Plaintiff Marquan Cox, a Genesee County Jail inmate, sues jail employee, Defendant Officer Donald Ross for harassment and telling other inmates that Cox was charged with child sexual exploitation offenses. The Court **SUMMARILY DISMISSES** this case because verbal harassment is insufficient to state a civil rights claim under § 1983; and Cox fails to allege sufficient facts to state a failure to protect claim under the Eighth Amendment or Fourteenth Amendment.

I.

Cox alleges that on February 6, 2024, while working at Genesee County Jail, Officer Ross told two inmates that Cox was "charged with touching little boys." ECF No. 1, PageID.1. On January 28, 2024, Ross also told one of those same inmates "not to hang around" Cox because of his charges and because Ross did not like Cox. *Id*. Cox filed the instant action seeking $50,000 in damages. *Id*. at PageID.2. The Court has granted Cox leave to proceed without prepayment of the filing fee for this action. ECF No. 3.

II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

(1992); *Neitzke v. Williams*, 490 U.S. 39, 325 (1989).

Courts liberally construe *pro se* civil rights complaints. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While notice pleading does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id*. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149,

3

155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III.

Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Cox's Complaint must be summarily dismissed for failure to state a claim upon which relief can be granted under § 1983.

First, to the extent that Cox complains about Ross's harassment and remarks of dislike for him, Cox allegations fall short to state a claim for relief. It is well-settled that allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 954-955 (6th Cir. 1987); *see also Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a Section 1983 claim for relief."); *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, *2 (W.D. Ky. Aug. 19, 2014) ("[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation."). Even verbal threats to assault an inmate do not violate an inmate's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004).

Second, to the extent that Cox alleges that Ross improperly told two inmates that he is charged with "touching little boys," he seems to raise a failure to protect

claim. However, Cox fails to allege sufficient facts to state such a claim under the Eighth Amendment/Fourteenth Amendment.[1] Prison and jail officials "have an affirmative duty to protect inmates from violence perpetrated by other prisoners." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). However, to state such a constitutional claim, a plaintiff must allege facts showing that the defendant's conduct amounted to "deliberate indifference" to a known risk of harm to the plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

Identifying an inmate as a pedophile, a child molester, an informant, or a "snitch" may constitute deliberate indifference to the safety of the inmate. *See, e.g., Comstock v. McCrary*, 273 F.3d 693, 699, n. 2 (6th Cir. 2001) (acknowledging that being labeled a snitch could make the inmate a target for prison attacks); *Clark v. Adams*, No. 2:22-cv-104, 2022 WL 2301952, *10 (W.D. Mich. June 27, 2022) (citing cases and finding that labeling an inmate as a pedophile could affect an inmate's safety); *see also Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir.

---

[1] The United States Court of Appeals for the Sixth Circuit has distinguished the deliberate indifference standard to be applied to claims brought by convicted prisoners under the Eighth Amendment versus claims brought by pretrial detainees under the Fourteenth Amendment. *See Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 596 (6th Cir. 2021); *see also Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721 (6th Cir. 2022) (setting forth test for pretrial detainees). Cox does not clearly indicate whether he is a pretrial detainee or a convicted prisoner. The distinction does not affect the Court's decision.

2001). However, to state a claim for deliberate indifference in such a context, a plaintiff must allege, and ultimately establish, that he or she suffered harm as a result of being so labeled. *See Thompson v. Michigan Dep't of Corr.*, 25 F. App'x 357, 359 (6th Cir. 2002) (affirming district court's dismissal where plaintiff's claim that he was endangered by being labeled a snitch was unsupported by any allegation of harm); *Wilson*, 148 F.3d at 600-601 (plaintiff failed to state an Eighth Amendment claim based on inmate threats where he alleged no physical injury); *White v. Trayser*, No. 10-CV-11397, 2011 WL 1135552, *5 (E.D. Mich. March 25, 2011) (plaintiff failed to state an Eighth Amendment claim where he alleged that defendant endangered his life by thanking him for information about illegal contraband in the presence of other inmates but failed to allege that he suffered any physical injury); *Catanzaro v. Michigan Dep't of Corr.*, No. 08-11173, 2009 WL 4250027, *11 (E.D. Mich. Nov. 19, 2009) (deliberate indifference claim "must be grounded in an actual physical injury").

At a minimum, a plaintiff must allege facts to show that he or she reasonably fears physical violence due to the defendant's conduct. *See Thompson v. County of Medina*, 29 F.3d 238, 242-243 (6th Cir. 1994) (plaintiff has minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety"); *Clark, supra*

(citing cases); *Gresham v. Walczak*, No. 1:20-cv-310, 2020 WL 7872192, *2 (W.D. Mich. Nov. 30, 2021) (officer's accusation that prisoner was a snitch, coupled with a threat of physical harm from fellow prisoner, stated an Eighth Amendment claim).

In this case, Cox neither alleges nor establishes that he suffered any harm or threats of physical violence due to Ross's alleged comments. Cox presents no facts to show that he was assaulted or threatened by fellow inmates (or anyone else) or to otherwise demonstrate that he reasonably fears violence at the jail due to Ross's remarks. The particular comments that he cites in his pleadings occurred in January and February 2024, but Cox did not file the present complaint until June 2024. If he reasonably feared for his safety, Cox could have complained sooner. *See Clark, supra* (summarily dismissing complaint for failure to allege facts that would permit the court to infer that inmate was in danger or reasonably feared an assault). Cox thus fails to state a § 1983 claim under the Eighth Amendment/Fourteenth Amendment upon which relief may be granted.

Accordingly, the Court hereby summarily **DISMISSES WITH PREJUDICE** the Complaint (ECF No. 1) in its entirety.

The Court concludes that an appeal from this decision cannot be taken in good

7

faith. *See* 28 U.S.C. § 1915(a)(3). This is a final order that closes this case; and no further pleadings should be filed in this matter.

**IT IS SO ORDERED.**

Dated: June 20, 2024                              s/Brandy R. McMillion
                                                  BRANDY R. MCMILLION
                                                  U.S. District Judge